U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**United States District Court**
**for the**
**District of Vermont**

2017 FEB 15  AM 10: 10

CLERK

BY _____
DEPUTY CLERK

MG Financial, LLC
        Plaintiff,
        v.

Frozen Solutions U.S., LLC
Duane E. Greenawalt, Betsy
Greenawalt
        Defendants.

**Complaint**
Case No. __2:17·cv-25__

## COMPLAINT

Plaintiff, MG Financial, LLC for its Complaint against Defendants Frozen Solutions U.S., LLC, and Duane and Betsy Greenawalt, alleges on information and belief:

### JURISDICTION

1.    This is an action seeking injunctive relief for Federal trademark infringement under 15 U.S.C. §§ 1051 et seq., unfair competition under the Vermont Consumer Protection Act, and restitution based on unjust enrichment.

2.    This Court has subject matter jurisdiction over the Federal claims pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367. Acts giving rise to the claims asserted here have occurred and will continue to occur in the State of Vermont and this District. Venue properly lies in this District under 28 U.S.C. §1391.

### PARTIES

3.    Plaintiff MG Financial, LLC is a Vermont limited liability company with an office in Barre, Vermont. It is the record owner of the trademark registration cited here.

4.     Defendant Duane E. Greenawalt is the record owner of an intent to use trademark application seeking registration for the mark IT'S HEAVENLY! HOLY COW (and design)(Serial No. 86/687675). He is the managing member of Frozen Solutions U.S., LLC with a designated business address at 411 Main Street, Bennington, Vermont.

5.     Upon information and belief, Defendant Betsy Greenawalt is a member of Frozen Solutions U.S., LLC with a designated business address at 411 Main Street, Bennington, Vermont.

### BACKGROUND

6.     Plaintiff MG Financial, LLC is a Vermont company that sells HOLY COW coffee through its exclusive licensee MG Coffee Roasting Enterprises, LLC. It's HOLY COW mark has been used in association with coffee for over a decade, and is now sold in grocery stores, delis, convenience stores, and cafes. HOLY COW coffee enjoys widespread distribution throughout New England, and New York and is steadily increasing its national presence.

7.     Plaintiff owned its federal trademark registration for HOLY COW, as a mark for coffee, prior to Defendant's encroaching use of the mark HOLY COW and the mark IT'S HEAVENLY! HOLY COW in association with its retail services and goods. Defendants offer retail services featuring self-serve and frozen prepackaged yogurt, smoothies, and baked goods. Defendants' use of HOLY COW marks started sometime in 2016 in Bennington, Vermont. Although, Defendants have an intent to use application pending before the United States Patent and Trademark Office, they do not own registrations for a HOLY COW mark or for any mark incorporating those words.

8.     Defendants do, however, impermissibly  use the "®"

symbol on large sign over the entrance to it's retail location,
even though they are well aware that the trademark application
filed by Mr. Greenawalt is still pending without a Notice of
Allowance from the USPTO.

     9.   Defendants' actual marketing and advertising efforts
often use the mark HOLY COW without the descriptive, subordinate
phrase IT'S HEAVENLY! In addition, it uses a design mark/logo
that features the mark HOLY COW in a large, colorful font below a
depiction of a cow with a halo. At the top of the design appears
the smaller exclamatory phrase IT'S HEAVENLY! Defendant's use of
the mark HOLY COW is the dominant word mark in its design
mark/logo.

     10.   Defendants' actual use of the HOLY COW mark on their
store windows and signs feature the words HOLY COW completely
separated visually from the phrase IT'S HEAVENLY. HOLY COW
appears alone on the doors used for customer entrance, and HOLY
COW is used alone on the large entry sign with the impermissible
registration symbol next to it.

     11.   Consumers, newspapers, and online media have also began
to use the mark HOLY COW in association with the goods and
services of Defendants.

     12.   Yelp and Trip Advisor both use Holy Cow Frozen Yogurt
in association with Defendants' retail service and café.

     13.   A consumer review on Trip Advisor dated November 14,
2016 entitled his review "It's in the name..." The name
referenced in his post was HOLY COW. The consumer reviewed used
the mark HOLY COW alone as a mark for Defendants' goods and
services.

     14.   Gift cards for use at Defendants' retail location are

sold online using the name HOLY COW Frozen Yogurt.

15.  The Berkshire Eagle of Pittsfield, MA featured an article about Holy Cow Frozen Yogurt in 2016. Throughout the article, the goods and services of Defendants are referred to repeatedly using the mark "Holy Cow."

16.  Defendants' use holycowfroyo on their Instagram account to identify their goods and services and attract consumer followers. A prominent photo on the account features a large game wheel with the mark HOLY COW displayed in the center of the wheel and repeating around the wheel. Defendants also use the word mark HOLY COW to identify their goods and services on many of their Facebook entries.

17.  Defendants' use the domain name holycowfroyo.com for their primary website advertising their goods and services. The domain name fully incorporates Plaintiff's registered HOLY COW trademark. Defendants do not own a trademark registration or trade name registration for HOLY COW to identify their goods, services, or business entity.

18.  Plaintiff MG Financial, LLC is a Vermont Company that has owned a federally registered trademark for HOLY COW (Reg. No 4,688,446) for coffee goods since early 2015. Plaintiff's common law use of the mark began over a decade ago, and it has worked to steadily increase the goodwill and consumer recognition associated with its HOLY COW mark.

19.  Defendants began their common law use of HOLY COW for goods and services offered in Bennington, Vermont in 2016. As latecomers, they had notice of Plaintiff's trademark rights.

20.  Defendants' use of the HOLY COW marks will injure and damage Plaintiff's HOLY COW mark and the goodwill in the mark. It

will inevitably cause consumer confusion especially since Defendants are attempting to usurp the mark in Plaintiff's backyard.

21.   Plaintiff utilizes an established network of distributors and a sales force in the food and beverage industry. It is positioned to expand the use of its HOLY COW trademark on various related products.

22.   Plaintiff objected to Defendants' use of a HOLY COW mark to identify their goods and services, and worked to resolve the issue prior to filing this Complaint.

## FIRST CAUSE OF ACTION

**(Infringement of Federally Reg. Trademarks, 15 U.S.C. § 1114)**

23.   The allegations of Paragraphs 1-22 of this Complaint are here incorporated by reference.

24.   Plaintiff and its predecessors in interest used the mark HOLY COW prior to Defendants and received a federal registration for its trademark prior to Defendants using the mark in commerce.

25.   Defendants began using the marks HOLY COW and IT'S HEAVENLY! HOLY COW to identify their goods and services with constructive notice of Plaintiff's HOLY COW standard character trademark.

26.   Plaintiff's standard character trademark registration is not limited to a particular design or style.

27.   Consumers who see advertisements, promotions, and media featuring Defendants' goods and services in association with the mark HOLY COW will also likely encounter Plaintiff's HOLY COW mark in numerous retail locations or advertisements.

28.   Defendants and Plaintiff promote their goods to the same consumers in the same channels of trade. The goods and services are related such that the consuming public is likely to believe they emanate from the same source.

29.   Upon information and belief, Defendants sell or intend to sell coffee in association with the mark HOLY COW or featuring HOLY COW as the dominant word mark.

30.   Upon information and belief, Defendants intend to license trademark rights for the use of HOLY COW marks to other retail stores and cafes selling yogurt, baked goods, coffee and related goods.

31.   Plaintiff has been and will be injured and damaged by Defendants' deliberate infringing use of the mark. Defendants have continued to use the mark HOLY COW in association with their goods and services with full knowledge of Plaintiff's objections.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION

**(Unfair Competition, Vt. Stat. Ann. tit. 9, §§ 2451-2480)**

32.   The allegations of Paragraphs 1-31 of this Complaint are here incorporated by reference.

33.   Defendant Frozen Solutions U.S., LLC's infringing use of the mark HOLY COW in association with goods and services offered by it's retail store and café constitutes unfair competition in violation of the Vermont Consumer Protection Act.

34.   Defendant's use of the registration symbol next to the mark HOLY COW in association with its retail services is misleading to consumers, to those in the industry, and is an act of unfair competition.

35.   Defendant's wrongful acts are likely to cause confusion

in the marketplace, the mistaken belief it is affiliated or licensed by Plaintiff, and will cause harm to Plaintiff unless restrained by the Court.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION

### (False Designation of Origin 15 U.S.C. § 1125(a))

36.   The allegations of Paragraphs 1-35 of this Complaint are here incorporated by reference.

37.   Defendants current use of the mark HOLY COW and marks featuring HOLY COW as the dominant word mark is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association with Plaintiff.

38.   Plaintiff has established valuable goodwill for its HOLY COW mark. Defendants' use of the mark takes unjust advantage of the goodwill and consumer recognition Plaintiff has labored long to build over the years. Upon information and belief, Defendants plan to license trademark rights for the use of HOLY COW marks by others which would further harm Plaintiff's rights to protect its reputation and goodwill.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION

### (Restitution Based on Unjust Enrichment)

39.   The allegations of Paragraphs 1-38 are incorporated here by reference.

40.   As a result of its conduct, Defendants have been unjustly enriched at the expense of Plaintiff. Defendants must pay to Plaintiff the amount by which, in equity and good conscience, the Defendants have been unjustly enriched at the expense of Plaintiff.

**WHEREFORE,** Plaintiff prays for relief as follows:

A.   An injunction against Defendants enjoining any further infringement of Plaintiff's Federal trademarks in the United States; and

B.   An order requiring remedial advertising

C.   An award of Defendants' profits pursuant to 15 U.S.C. § 1117.

D.   For an order requiring Defendant to pay reasonable attorney fees and any costs of suit.

E.   An award in the amount by which Defendant has been unjustly enriched, and

F.   Such further relief as this Court deems just.


Dated this __ day of February 2017

Respectfully Submitted,

By _Kathryn G. Kent_

Kathryn G. Kent, Esq.
Kent Law Practice, PLLC
2 Church Street, Ste 2G
Burlington, VT 05401
kathryn@kentlawpllc.com
(802) 498-7167